# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN A. BLAISURE, INDIVIDUALLY AND ON BEHALF OF CLASSES OF SIMILARLY SITUATED PERSONS,<br><br>  Plaintiff,<br><br>  v.<br><br>SUSQUEHANNA COUNTY, and NICHOLAS CONIGLIARO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS WARDEN OF THE SUSQUEHANNA COUNTY CORRECTIONAL FACILITY<br><br>  Defendants. | CIVIL ACTION–CLASS ACTION NO. 3:10-CV-2336<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is a Motion for Judgment on the Pleadings (Doc. 16) filed on behalf of Defendants Susquehanna County and Nicholas Conigliaro ("Defendants"). In the instant suit, Plaintiff Edwin A. Blaisure ("Blaisure") alleges that his Fourth Amendment right to be secure against unreasonable searches was violated when he was subjected to visual cavity searches each time he exited and re-entered the Susquehanna County Correctional Facility (SCCF), pursuant to SCCF policy. Blaisure brings suit on behalf of himself and other similarly situated detainees.

In support of their motion for judgment on the pleadings, Defendants argue that Blaisure cannot state a claim against Defendant in light of the Supreme Court's decision in *Florence v. Bd. of Chosen Freeholders of Burlington*, 132 S. Ct. 1510, 182 L. Ed. 2d 566 (2012). (Doc. 17, 4.) Because material issues of fact are present in the pleadings, Defendants' motion will be denied.

**BACKGROUND**

The initial background of this case is set forth in the Court's August 29, 2011, Memorandum granting in part and denying in part Defendants' Motion to Dismiss (Doc. 8).

The Court granted Defendants' motion to dismiss (Doc. 4) regarding the Fourth Amendment claims of Blaisure's first proposed class. This proposed class was comprised of all arrestees charged with non-indictable offenses who were processed, housed or held over at the SCCF since November 11, 2008, based on the Third Circuit's holding in *Florence v. Bd. of Chosen Freeholders of Burlington*, 621 F.3d 296, 311 (3d Cir. 2010), that such searches of non-indictable offenders are constitutional under the Fourth Amendment. (Doc. 8, 7.) However, the Court denied Defendants' motion to dismiss with respect the claims at issue here, the Fourth Amendment claims of a class of all inmates who were processed, housed, or held over at SCCF during the same time period who experienced SCCF's blanket policy of strip searching prisoners each time they left or re-entered the facility regardless of the surrounding circumstances. The Court stated that "[s]ince these particular allegations present room for further factual inquiry, under the liberal pleading standards of Fed. R. Civ. P. 8(a), this allegation is sufficient to survive a motion to dismiss." (Doc. 8, 7-8.)

In their Answer (Doc. 9) filed on October 11, 2011, Defendants subsequently admitted that pursuant to SCCF policy, Blaisure was strip searched upon leaving and upon returning to SCCF on August 30, 2010, September 2, 2010, and September 16, 2010. (Defendant's Answer, "Def.'s Answer," Doc. 9, 2 ¶¶ 11, 13, 14.) Defendants further admit that they have "a blanket policy of strip searching every inmate upon leaving and reentering the prison during the time of their incarceration." (Def.'s Answer, 3 ¶ 4; Plaintiff's Complaint,

"Pl.'s Compl.," Doc. 1, 4 ¶ 16.) In addition, Defendants contend that this policy "promotes the legitimate penalogical [sic] interest of protection of officers transporting prisoners, the protection of court personnel, including Judges, and the protection of healthcare professionals. It also promotes the legitimate penalogical [sic] interest of avoiding escapes." (Def.'s Answer, 3 ¶ 6.)

On April 2, 2012, after Defendants filed their answer but before Defendants filed a motion for judgment on the pleadings, the Supreme Court affirmed the decision of the Third Circuit Court of Appeals in *Florence*. *See Florence*, 132 S. Ct. 1510, 1523 ('[T]he search procedures at the Burlington County Detention Center and the Essex County Correctional Facility struck a reasonable balance between inmate privacy and the needs of the institutions. . . . The judgment of the Court of Appeals for the Third Circuit is affirmed."). Defendants argue in their motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) that in light of the Supreme Court's decision in *Florence*, Blaisure cannot state a Fourth Amendment claim against Defendants regarding their blanket policy of strip searching prisoners each time they exit and re-enter SCCF.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment "[a]fter the pleadings are closed-but early enough not to delay trial." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate "if the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirika v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir.2005). "A material issue of fact that will prevent a motion under Rule 12(c) from being successful may be framed by an express conflict on a

particular point between the parties' respective pleadings. It also may result from the defendant pleading new matter and affirmative defenses in his answer." CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367. In determining a motion for judgment on the pleadings, a court considers "the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record." *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa.2010) (citations omitted). As with a motion to dismiss, the court must view the facts and the inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Sikirika*, 416 F.3d at 220.

## DISCUSSION

Defendants argue that Plaintiff cannot state a claim against Defendants in light of the Supreme Court's decision in *Florence*. More specifically, Defendants argue that they are entitled to judgment on the pleadings in light of the substantial discretion *Florence* grants to corrections officers to devise reasonable solutions to the problems they face in operating their facilities. (Doc. 17, 3). In *Florence*, the Supreme Court states that "courts must defer to the judgment of correctional officers unless the record contains substantial evidence showing their policies are an unnecessary or unjustified response to problems of jail security." *Florence*, 132 S. Ct. at 1514. Here, because Blaisure has alleged facts in his complaint that could demonstrate that the search at issue is unnecessary or unjustified, Defendants' motion for judgment on the pleadings will be denied. For example, on two of the occasions that he was strip searched, Blaisure alleges that he was "put in leg shackles

4

and had his hands handcuffed to a waist belt" while he was transported to hearings, and was accompanied by two armed probation officers on one occasion, and two armed guards on another. (Pl.'s Compl., 3-4 ¶¶ 11, 13.) In addition, on a third occasion that he was strip searched, Blaisure alleges that he was "handcuffed and shackled" in the same manner and accompanied by two corrections officers at all times when he went to the dentist. (*Id.*, 4 ¶ 14.) If developed further on the record, these facts might indicate that SCCF's blanket policy of strip searching prisoners each time they re-enter the facility is unnecessary or unjustified. Therefore, Defendants' motion for judgment on the pleadings should be denied.

Further, the Supreme Court's holding in *Florence,* that " the search procedures at the Burlington County Detention Center and the Essex County Correctional Facility struck a reasonable balance between inmate privacy and the needs of the institutions," 132 S. Ct. at 1521, is narrower than the issue here. *Florence* involved searching inmates upon initial admission to the facility, *see id* at 1513-14, while the disputed policy here involves searching all inmates both when they leave and when they re-enter the facility. This Court already held that "room for further factual inquiry" into the reasonableness of SCCF's search policy existed in light of the earlier decision of the Third Circuit Court of Appeals in *Florence*. (Doc. 8.) Now that this decision has been affirmed by the Supreme Court, this room for factual inquiry remains. Therefore, Blaisure's allegations are sufficient to survive a motion for judgment on the pleadings.

Moreover, as to the substantive issue of the reasonableness of the search policy, Defendants pleaded in their answer that the policy of conducting strip searches on all inmates when they leave and re-enter the Facility promotes the facility's legitimate penological security interests. Because these statements are new matter raised in

5

Defendants answer, they are considered disputed at this phase. *See* CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367. Therefore, to the extent that these facts are material, they represent additional disputed facts in the pleadings, further indicating that Defendants' motion for judgment on the pleadings should be denied.

## CONCLUSION

For the reasons stated above, Defendants' motion for judgment on the pleadings (Doc. 16) will be denied.

An appropriate order follows.

| | |
|---|---|
| September 17, 2013 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |